**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JESSICA LOPEZ, Administratrix of the ESTATE OF ROGER FRANCEWARE and as Next Friend of A.F. and J.F., Minor Children,** | § § § § § | |
| **Plaintiffs,** | § | **EP-14-CV-00372-KC** |
| | § | |
| **v.** | § | |
| | § | |
| **CANAL INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant**. | | |

## ORDER

On this day the Court considered Defendant Canal Insurance Company's ("Canal")

Motion for Summary Judgment of Canal Insurance Company on the Duty to Defend ("Canal

Motion"), ECF No. 10, and Plaintiff Jessica Lopez's ("Lopez") Motion for Summary Judgment

Regarding Canal Insurance Company's Duty to Defend ("Lopez Motion"), ECF No. 11, in the

above-captioned case (the "Case"). For the following reasons, the Lopez Motion is **GRANTED**

and the Canal Motion is **DENIED**.

## I.    BACKGROUND

Unless otherwise noted, the following facts are undisputed.

Canal issued auto insurance policy number PIA05359601 to Moore Freight Services, Inc.

("Moore Freight"). *See* Ins. Policy Number PIA05359601 ("Policy"), Lopez Mot. Ex. A, ECF

No. 11-1. The Policy was in effect from January 1, 2010, to January 1, 2011. *See id.* at 1. On

August 17, 2010, a 2007 International tractor with VIN number 2HSCNSCR57C432781 was

involved in a single-vehicle accident resulting in the deaths of both Roger Franceware

1

("Franceware") and Lorenzo Munoz ("Munoz").  *See* Canal's Proposed Undisputed Facts

("Canal Proposed Facts") ¶ 2, ECF No. 10-4; Lopez Mot. 1-2.[1]  Both Franceware and Munoz

were occupants of the cab of the 2007 International truck at the time of the accident.  *See* Canal

Proposed Facts ¶ 2; Lopez Mot. 2.

Following the accident, on October 25, 2010, Lorena Munoz, individually and on behalf

of the Estate of Lorenzo Munoz, and as next friend of L.M. and C.M., minor children, and

Virginia Munoz (collectively the "Munoz Claimants"), filed Cause No. 2010-4169 in the 168th

District Court of El Paso County, Texas (the "Underlying Suit").  *See* Munoz Claimants'

Original Pet., Canal Mot. Ex. C, ECF No. 10-2 at 88.  In the Underlying Suit, the Munoz

Claimants sought damages arising from Munoz's death.  *See id.* at 5-7.

On June 16, 2011, the Munoz Claimants filed a third amended petition in the Underlying

Suit.  *See* Munoz Claimants' Third Am. Pet. ("Third Amended Petition"), Lopez Mot. Ex. B,

ECF No. 11-2.  In the Third Amended Petition, the Munoz Claimants named "Rosa Franceware

[a]s the Administrator of the Estate of Roger Franceware" as a defendant.  *See id.* at 1.  The

Munoz Claimants further alleged that "[t]he truck may have been driven by Roger Franceware"

and asserted that "[d]efendants were negligent and grossly negligent which proximately caused

the death of [Munoz]."  *See id.* at 4.

A week later, on June 24, 2011, Lopez demanded a defense from Canal on behalf of the

Estate of Roger Franceware, and forwarded to Canal a true and correct copy of the Third

Amended Petition.  *See* Lopez's Proposed Undisputed Facts in Conjunction with Her Mot. for

---

[1] The Court notes that though the Lopez Motion asserts that "the parties' pleadings differ as to whether the tractor's VIN ends in '…27**8**1' or '…27**6**1,'" it appears that Canal has since accepted Lopez's assertion that the VIN ends in 27**8**1.  *Compare* Lopez Mot. 2 n.1, *with* Canal Proposed Facts ¶ 2.

Summ. J. Regarding Canal Ins. Co.'s Duty to Defend ("Lopez Proposed Facts") ¶ 6, Lopez Mot.

Attach. 4, ECF No. 11-4; Canal Resp. to Proposed Undisputed Facts Filed by Lopez Parties

("Canal Response to Proposed Facts") ¶ 6, Resp. of Canal Ins. Co. to the Mot. for Summ. J. of

Jessica Lopez as Administratrix of the Estate of Roger Franceware Attach. 1, ECF No. 12-1.

Lopez asserts that she is entitled to demand that defense from Canal because she "has been the

Administratrix of the Estate of Roger Franceware since May 17, 2011." Lopez Proposed Facts ¶

4. Canal "neither admit[s] nor den[ies]" whether Lopez is in fact the estate's administratrix.

Canal Resp. to Proposed Facts ¶ 4. Canal refused to provide the Franceware estate with the

requested defense. Lopez Proposed Facts ¶ 6; Canal Resp. to Proposed Facts ¶ 6.

On March 10, 2014, the Munoz Claimants filed an amended petition in the Underlying

Suit. *See* Munoz Pls.' Am. Pet. of Mar. 10, 2014 ("Live Petition"), Canal Mot. Ex. I, ECF No.

10-3 at 53. In the Live Petition, the Munoz Claimants did not list Rosa Franceware, Jessica

Lopez, or the Estate of Roger Franceware as defendants either in the case style or in the list of

defendants. *See id.* at 1-3. The Munoz Claimants did, however, claim in a body paragraph that

"Roger Franceware was negligent, and/or grossly negligent, in requesting that Lorenzo Munoz

drive," and that "[u]nder these facts, Roger Franceware, and his actual and statutory employers . .

. are liable." *See id.* at 6.

On October 9, 2014, Lopez initiated the instant Case, asserting that Canal's refusal to

provide a defense in the Underlying Suit gave rise to numerous causes of action, including: (1)

breach of contract, (2) breach of the common law duty of good faith and fair dealing, (3)

violations of Chapters 541 and 542 of the Texas Insurance Code, (4) violations of the Texas

Deceptive Trade Practices Act ("DTPA"), and (5) gross negligence. *See* Pl.'s Original Compl. 3-

6, ECF No. 1.  Despite Lopez's claims arising under the Texas Insurance Code, the DTPA, and various common law tort and contract theories, and not seeking declaratory judgment, the parties requested a separate deadline for filing dispositive motions on the issue of Canal's duty to defend Franceware under the Policy.  *See* Joint Report of Parties' Planning Meeting 7, ECF No. 6. Pursuant to the parties' request, the Court ordered the parties to submit dispositive motions on the duty to defend by March 2, 2015.  *See* Scheduling Order 1, ECF No. 7.

Both Lopez and Canal filed the instant motions on the duty to defend on March 2, 2015. By its motion, Canal seeks a declaration that no duty to defend Lopez exists.  *See* Canal Mot. 20. In turn, Lopez requests that the Court find that Canal owes the Franceware estate a duty to defend.  *See* Lopez Mot. 2.  Although a ruling on the duty to defend may be relevant to the viability of Plaintiff's causes of action, none of the parties move for summary judgment on any of Plaintiff's actual claims stemming from Texas statutory and common law.

Both Canal and Lopez filed their respective responses to the motions on March 16, 2015. *See* Resp. of Canal Ins. Co. to the Mot. for Summ. J. of Jessica Lopez as Administratrix of the Estate of Roger Franceware ("Canal Response"), ECF No.12; Lopez's Resp. to the Mot. for Summ. J. of Canal Ins. Co. on the Duty to Defend ("Lopez Response"), ECF No. 13.  Canal filed its reply to the Lopez Response on March 23, 2015.  *See* Reply of Canal Ins. Co. to the Resp. of Jessica Lopez as Administratrix of the Estate of Roger Franceware to the Mot. for Summ. J. of Canal Ins. Co. ("Canal Reply"), ECF No. 14.  Lopez did not reply to the Canal Response.

## II.    DISCUSSION

### A.    Standard

A court must enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). To show the existence of a genuine dispute, the nonmoving party must support its position with citations to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[,]" or show "that the materials cited [by the movant] do not establish the absence . . . of a genuine dispute, or that [the moving party] cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

The court resolves factual controversies in favor of the nonmoving party; however, factual controversies require more than "conclusory allegations," "unsubstantiated assertions," or

"a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Further, when reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh evidence. *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478-79 (5th Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### B.    Analysis

Lopez argues that the Third Amended Petition triggered Canal's duty to defend the Estate of Roger Franceware because it alleged sufficient facts to state a potential claim for bodily injury arising from the use of a covered auto, and that Franceware was potentially a covered insured. *See* Lopez Mot. 5-7. Canal responds that "because there were no allegations made against [Lopez] as Administratrix of the Estate of Roger Franceware within the 'four corners' of any petition, [Canal] owed no duty to defend [Lopez]." Canal Mot. 8.

"In the alternative, and without conceding this point," Canal argues that even if there was a duty to defend under the Third Amended Petition, once the Munoz Claimants filed the Live Petition, "no claims of any kind existed against the Estate of Roger Franceware in the Underlying [Suit]." *Id.* Lopez responds that the "Munoz Claimants' failure to formally list Franceware's estate as a defendant in the Live Petition does not change the fact that Franceware's conduct was literally still on trial and still needed to be defended in court." Lopez Mot. 8.

6

Finally, Canal argues that the Policy's employee exclusions "operate[d] to eliminate coverage and the duty to defend" because both Franceware and Munoz were "statutory employees" of Moore Freight.  Canal Mot. 8-9, 17-19.  Lopez responds that the employee exclusions do not eliminate coverage because the "Munoz Claimants' pleadings do not definitively establish [Munoz] as [Moore Freight's] 'employee.'"  Lopez Resp. 7.  The Court addresses each of the parties' arguments below.

### 1.        The Third Amended Petition triggered Canal's duty to defend

Lopez argues that the Third Amended Petition triggered Canal's duty to defend Franceware's estate because the Munoz Claimants brought suit for "bodily injury" arising from an "accident" involving a "covered auto" and further alleged sufficient facts that Franceware was potentially an "insured" under the Policy.  *See* Lopez Mot. 2, 5-6.  Canal responds that it owed no duty to defend Lopez as Administratrix of the Estate of Roger Franceware because Lopez was not sued under the Third Amended Petition.  *See* Canal Mot. 8.

Under Texas law, courts use the "eight-corners rule" to determine whether an insurer has a duty to defend its insured in the underlying liability proceedings.  *See, e.g.*, *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839-40 (5th Cir. 2012).  That rule requires the court to assume that the plaintiff's allegations in the underlying pleadings are true and determine whether such facts fall within the scope of the insurance policy.  *Id.* at 840.  If the pleadings only allege facts excluded by the policy, there is no duty to defend.  *Id.*  However, "an insurer is obligated to defend the insured if the facts alleged in the petition, taken as true, potentially assert a claim for coverage under the insurance policy."  *Id.* (citing *Colony Ins. Co. v. Peachtree Constr. Ltd.*, 647 F.3d 248, 253 (5th Cir. 2011)).  "Because the only two documents

relevant to the duty-to-defend inquiry are the insurance policy and the petition, an insurer's duty to defend can be determined at the moment the petition is filed." *Id.* (citing *Colony Ins. Co.*, 647 F.3d at 253).

As an initial matter, the Court notes that the Munoz Claimants filed the Third Amended Petition on June 16, 2011, and the Live Petition on March 10, 2014. *See* Third Am. Pet. 10; Live Pet. 1. Lopez demanded a defense from Canal on June 24, 2011. Lopez Proposed Facts ¶ 6; Canal Resp. to Proposed Facts ¶ 6. "Ordinarily, the duty to defend is determined by examining the latest, and only the latest, amended pleadings." *Energy Res., LLC v. Petroleum Solutions Int'l, LLC*, Civil Action No. H:08-656, 2011 WL 3648083, at *6 (S.D. Tex. Aug. 17, 2011). "However, if there is an issue as to whether the duty to defend arose under [an] original or [] amended complaint, the district court must examine both versions of the complaint to determine under which version that duty arose." *Id.* (citing *Rhodes v. Chi. Ins. Co.*, 719 F.2d 116, 119 (5th Cir. 1983)). Here, the parties dispute whether the Third Amended Petition triggered Canal's duty to defend and whether the Live Petition subsequently terminated that duty. *See* Lopez Mot. 5-6; Canal Mot. 8, 13; Lopez Resp. 5. Accordingly, the Court examines both versions of the petition to determine Canal's duty to defend in this Case.

By the Third Amended Petition, the Munoz Claimants stated they were "complaining of . . . Rosa Franceware [as] the Administrator of the Estate of Roger Franceware." Third Am. Pet. 1.[2] The Munoz Claimants then alleged that "on or about August 17, 2010, . . . [Munoz] was in a 2007 International truck . . . owned, maintained and serviced by . . . Moore Freight," which "may

---

[2] The Court notes that the wording of the Third Amended Petition reads as "complaining of . . . Rosa Franceware *is* the Administrator of the Estate of Roger Franceware." *See* Third Am. Pet. 1 (emphasis added). Despite this awkward phrasing, Canal admits that this language can be read as naming "Rosa Franceware *as* Representative of the Estate of Roger Franceware." *See* Canal Resp. to Proposed Facts ¶ 5 (emphasis added).

have been driven by [Franceware]." *Id.* at 4.  According to the Munoz Claimants, the "[d]efendants were negligent and grossly negligent which proximately caused the death of [Munoz]." *Id.*  Rosa Franceware, as representative of the Estate of Roger Franceware, was expressly included in the defined term "[d]efendants."  *See id.* at 1.

Under the terms of the Policy, Canal had a duty to defend any "insured" against a "suit" seeking damages for "bodily injury" stemming from the use of a "covered 'auto.'"  *See* Policy 36.  The parties do not appear to dispute that the Third Amended Petition asserts a "suit" for "bodily injury."  Therefore, the only remaining questions are whether the facts alleged in the Third Amended Petition raise the potential that the injury arose from the use of a "covered auto" and that Franceware was a covered "insured."  *See id.*

As to the first issue, the Third Amended Petition clearly contains allegations that the vehicle involved in the accident was a "2007 International truck" that was "owned, maintained and serviced by" Moore Freight.  Third Am. Pet. 4.  The Policy provides coverage for "[a]ny 'auto' 10,000 GVW or greater."  Policy 26, 35.  Further, the Policy not only expressly lists a number of 2007 Internationals as "trucks in service," but also specifically lists the VIN number of the truck involved in the accident as one of those "trucks in service."  *See id.* at 19-22; Canal Proposed Facts ¶ 2; Lopez Resp. to Proposed Facts ¶ 2.  Nothing in the eight-corners of the Third Amended Petition and Policy in any way indicates that the truck involved in the accident was not "10,000 GVW or greater," and the express listing of the truck's VIN number in the Policy indicates that the truck was at least potentially a covered auto.  Accordingly, the Third Amended Petition sufficiently alleged the potential that Munoz's bodily injury stemmed from the use of a covered auto.  *See ACE Am. Ins.*, 699 F.3d at 840.

Furthermore, the facts alleged by the Munoz Claimants' in the Third Amended Petition support the finding that Franceware was a covered insured.  The Policy defines an "insured" as Moore Freight and "[a]nyone else while using with [Moore Freight's] permission a covered 'auto' [Moore Freight] own[s], hire[s] or borrow[s]," subject only to a number of listed exclusions not relevant here.  *See* Policy 36.  As stated above, the Munoz Claimants alleged that Franceware "may have been driv[ing]" the truck, which was "owned, maintained and serviced by" Moore Freight.  Third Am. Pet. 4.  "[W]hen a court applies the eight-corners rule, it must consider 'any reasonable inferences that flow from the facts alleged.'"  *See Star-Tex Res., L.L.C. v. Granite State Ins. Co.*, 553 F. App'x 366, 370 (5th Cir. 2014) (quoting *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 601 (5th Cir. 2006)).  Here, a reasonable inference arising from these facts is that Franceware was driving that truck, and that because he was driving, he was doing so with Moore Freight's permission.  Therefore, he was an "insured" under the Policy's terms.  *See id.*; Policy 36.  Thus, the allegations in the Third Amended Petition are sufficient to potentially assert a claim for coverage because Munoz sought civil damages for bodily injury arising from Franceware's negligent conduct as the driver of a covered auto.  *See* Policy 36; *ACE Am. Ins. Co.*, 699 F.3d at 840.

Canal's claim that there was no duty to defend Lopez "because there were no allegations made against [Lopez] as Administratrix of the Estate of Roger Franceware," Canal Mot. 8, is misguided.  Under the express terms of the Policy, the duty to defend is owed to the "insured."  *See* Policy 36.  As such, it was the allegations indicating that *Roger* Franceware was a potential insured that triggered Canal's duty to defend.  That duty was owed to *Roger* Franceware as the insured.  *See Downhole Navigator, L.L.C. v. Nautilus Ins. Co.*, 686 F.3d 325, 328 (5th Cir. 2012)

10

("Under Texas law, it is well-settled that the insurer owes a duty to defend *its insured* against any allegation that is potentially covered." (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997))) (emphasis added).  Upon Franceware's death, that duty was owed to Franceware's estate.  *See State Farm Fire & Cas. Ins. Co. v. Keegan*, 209 F.3d 767, 771 (5th Cir. 2000) (finding "duty to defend and indemnify . . . administratrix of the estate of [decedent]" in negligence action brought against decedent).  Regardless of who would represent the estate, Canal owed the estate that duty.

Furthermore, to the extent that Canal argues that no duty to defend the Estate of Roger Franceware arose because the Munoz Defendants named Rosa Franceware, not Jessica Lopez, as the representative of the Franceware estate, Canal's argument is without merit.  Under the eight-corners analysis, "[t]he insurer's duty to defend arises when a third party sues the insured on allegations that, if taken as true, potentially state a cause of action within the terms of the policy."  *Dall. Nat'l Ins. Co. v. Calitex Corp.*, 458 S.W.3d 210, 221 (Tex. App. 2015).  "The duty to defend is not affected by facts ascertained before suit, developed in the course of litigation, or by the ultimate outcome of the suit."  *See Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008).  "The insurer must provide a defense if the complaint contains at least one claim that is facially within the policy's coverage."  *Canal Indem. Ins. Co. v. Texcom Transp., LLC*, No. 3-09-CV-1430-BD, 2010 WL 2301007, at *3 (N.D. Tex. 2010).

Here, the allegations in the Third Amended Complaint assert (1) the negligent operation of a covered auto, (2) Franceware's negligent operation of that auto, (3) the existence of Franceware's estate, and (4) a lawsuit against that estate.  *See* Third Am. Pet. 1, 4.  Thus, on the face of the Third Amended Petition, the Munoz Claimants alleged sufficient facts that, if proven

11

as true, would properly assert a potentially covered claim against the Estate of Roger Franceware. *See id.*; *Miller v. Estate of Self*, 113 S.W.3d 554, 556 (Tex. App. 2003) ("A suit seeking to establish the liability of an estate should be filed against the personal representative or, in certain circumstances, the heirs or beneficiaries."). This was enough to trigger Canal's duty to defend the Estate of Roger Franceware. *See Texcom Transp.*, 2010 WL 2301007, at *3. And, if as Lopez contends, she is the proper party to represent the estate, then she had the right to appear and defend the lawsuit. *See Janak v. Sec. Lumber Co., Inc.*, 513 S.W.2d 300, 301 (Tex. Civ. App. 1974) (stating that "estate's legal representative . . . is the proper party to defend the suit").

Accordingly, Canal's duty to defend the Estate of Roger Franceware arose because the Munoz Claimants alleged facts in the Third Amended Petition which potentially asserted a claim for coverage involving Franceware. Canal owed that duty to defend to Franceware and his estate - not Jessica Lopez. Thus, the Court finds that the Third Amended Petition triggered Canal's duty to defend Franceware, and, upon his death, the Estate of Roger Franceware through the estate's proper representative.

### 2.    The Live Petition did not terminate Canal's duty to defend

As stated above, Canal argues that even if there was a duty to defend under the Third Amended Petition, once the Munoz Claimants filed the Live Petition "no duty to defend existed because the Munoz Claimants amended their petition to remove all claims against the Estate of Roger Franceware." Canal Mot. 13. Lopez responds that the "Policy identifies only a single condition that can end the duty to defend: 'when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.'" Lopez Resp. 5 (quoting Policy 36).

12

"Texas Rule of Civil Procedure 65 provides that amended pleadings completely [supersede] prior pleadings." *Rhodes*, 719 F.2d at 119. As a result, "[a] complaint which does not initially state a cause of action under the policy, and so does not create a duty to defend, may be amended so as to give rise to such a duty." *Id.* "Likewise, a complaint which does allege a cause of action under the policy so as to create a duty to defend may be amended so as to terminate the duty." *Id.* "Whether a complaint pleads in the alternative or alleges more than one cause of action, the insurer is obligated to defend, as long as the complaint alleges at least one cause of action within the coverage of the policy." *Id.* As the Fifth Circuit's analysis in *Rhodes* makes clear, a complaint which initially triggered an insurer's duty to defend may be amended so as to terminate that duty. *See id.* Thus, Lopez's argument that Canal's duty to defend can only be terminated under the Policy "when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements" fails under established precedent. *See id.*; Lopez Resp. 5. The question remains, however, whether the Live Petition in fact terminated all claims against Franceware.

In Texas, "[t]he omission of a defendant from a live pleading operates as a dismissal of the omitted defendant even if the omission is inadvertent." *See Walton v. Prudential Prop. & Cas.*, No. 05-98-01134-CV, 2001 WL 1013569, at *1 (Tex. App. Sept. 6, 2001). However, "[t]he petition as a whole must be considered in determining who is being sued." *See Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App. 2000); *see also Cox v. Union Oil Co. of Cali.*, 917 S.W.2d 524, 526 (Tex. App. 1996). Though "[a] form has developed from long custom and usage[,] . . . cases of some antiquity established that a pleading may take on any form that gives a party fair notice of the litigation." *Cox*, 917 S.W.2d at 526. As a result, "omission of a party's

13

name from the preamble does not [necessarily] so deprive a party of fair notice as to constitute an automatic non-suit or dismissal." *Id.* at 527.

Here, it is undisputed that the Live Petition does not list Jessica Lopez, Rosa Franceware, Roger Franceware, or the Estate of Roger Franceware as a named defendant in either the case style or in the list of defendants in the initial paragraphs of the Live Petition. *See* Live Pet. 1-3. Nonetheless, allegations regarding Franceware's conduct and liability appear in the Live Petition's body paragraphs. Indeed, the allegations against Franceware are even more specific in the Live Petition than in the Third Amended Petition. For instance, the Munoz Claimants allege that at the time of the accident Munoz was "in a tractor . . . being driven by . . . Franceware." *Id.* at 3-4. In the alternative, the Munoz Claimants alleged that if a jury were to find that Munoz was driving the vehicle, "Franceware knew or should have known that [Munoz] . . . was simply not authorized to be driving the vehicle," and if "Franceware . . . was tired and could not proceed, he merely had to pull over and sleep until he could continue." *Id.* at 6. The Munoz Claimants then stated that "[u]nder these facts, *Roger Franceware*, *and* his actual and statutory employers . . . *are liable*." *Id.* (emphasis added).

The Munoz Claimants made clear reference to Franceware in the body of the Live Petition, alleged he acted negligently, and expressly stated that Franceware was "liable" under the alleged facts. *See id.* at 4, 6. There is no question that both Lopez and Rosa Franceware were on notice of the allegations against Franceware, as both were already parties in the Underlying Suit. *See* Munoz Pls.' Am. Pet. of Feb. 14, 2014, Canal Mot. Ex. H, ECF No. 10-3. The Court finds these facts are sufficient under Texas law to give the Estate of Roger Franceware "fair notice" of the claims against the estate and therefore sufficient to include the Estate of

14

Roger Franceware as a party in the litigation. *See Cox*, 917 S.W.2d at 526-27. Indeed, the Court has not found, and Canal has not cited to, any Texas court decision finding that a party was non-suited where such clear allegations against the party remain in the body of the petition and that party continued to actively participate in the litigation. *Cf. Johnson v. Coca-Cola Co.*, 727 S.W.2d 756, 758 (Tex. App. 1987) (finding party non-suited where amended pleading *completely omitted* reference to that party); *Radelow-Gittens Real Prop. Mgmt. v. Pamex Foods*, 735 S.W.2d 558, 559 (Tex. App. 1987) (finding party nonsuited where amended pleading contained *no claims* against party despite party's name remaining in the style of the case); *Chamberlain v. McReight*, 713 S.W.2d 372, 373-74 (Tex. App. 1986) (finding party was non-suited where amended petition contained *no allegations* against the party in the body of the amended pleadings).

Furthermore, even if Texas case law is not well-settled on this issue, because the body of the Live Petition contained clear allegations of liability against Franceware, the Court cannot state that a Texas court would necessarily consider the claims against the Franceware estate had been nonsuited. *See Cox*, 917 S.W.2d at 527; *Boyattia*, 18 S.W.3d at 733. In determining the duty to defend, "[i]f there is doubt as to whether the complaint states a covered cause of action, doubt 'will be resolved in the insured's favor.'" *See Rhodes*, 719 F.2d at 119. Accordingly, resolving all doubt in favor of the insured, the Court finds that the Live Petition sufficiently named Franceware as a party to the Underlying Suit. *See id.*; *Cox*, 917 S.W.2d at 527; *Boyattia*, 18 S.W.3d at 733.

Having found that the Live Petition did not necessarily nonsuit all claims against Franceware, the Court further notes that in the Live Petition the Munoz Claimants clearly

asserted that Franceware was driving a potentially covered, if not actually covered, 2007 International truck owned by Moore Freight, that Franceware did so with Moore Freight's permission, that Franceware acted negligently in doing so, and that such negligence caused bodily injury to Munoz.  *See* Live Pet. 4, 6.  As the Court discussed in relation to the Third Amended Petition, these factual allegations potentially assert a covered claim under the Policy, thus engaging Canal's duty to defend Franceware and his estate.  *See* Policy 36 (setting forth Canal's duty to defend any "insured" against a "suit" seeking damages for "bodily injury" stemming from the use of a "covered 'auto'"); *see also ACE Am. Ins.*, 699 F.3d at 840 ("[A]n insurer is obligated to defend the insured if the facts alleged in the petition, taken as true, potentially assert a claim for coverage under the insurance policy.").  As a result, the Live Petition did not terminate Canal's duty to defend Franceware.  *See Cox*, 917 S.W.2d at 525-27; *ACE Am. Ins.*, 699 F.3d at 840.

### 3.  The Policy's employee exclusions did not eliminate coverage

Canal further argues that "[b]ecause [Munoz] and [Franceware] were statutory employees of Moore Freight, the Employee Exclusion and the Fellow Employee [Exclusion] eliminate[d] coverage available under the [Policy]."  Canal Mot. 19.  Lopez responds that the employee exclusions do not bar coverage because the Munoz Claimants' pleadings "do not definitively establish [Munoz] . . . as [Moore Freight's] 'employee' at the time of his death."  Lopez Resp. 7.

"After the insured meets his burden to show that the alleged facts in the petition state a potential claim against him, to defeat the duty to defend, the insurer bears the burden of showing that the plain language of a policy exclusion or limitation allows the insurer to avoid coverage of *all* claims, also within the confines of the eight corners rule."  *Northfield Ins. Co. v. Loving*

*Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004).  In evaluating whether an insurer has

satisfied its burden of showing the application of a policy exclusion, "the Texas Supreme Court

has directed courts applying Texas law to 'resolve all doubts regarding the duty to defend in

favor of the duty . . . and [to] construe the pleadings liberally.'"  *See Star-Tex Res.*, 553 F. App'x

at 369-70 (quoting *Zurich*, 268 S.W.3d at 491).

Here, the Policy provides two exclusionary clauses related to employees.  First, the

Policy's Employee Exclusion precludes coverage for:

> "Bodily injury" to:
> a.    An "employee" of the "insured" arising out of and in the
>        course of:
>        1)    Employment by the "Insured"; or
>        2)    Performing the duties related to the conduct of the
>              "insured's" business.

Policy 37.

Further, the Fellow Employee Exclusion precludes coverage for:

> "Bodily injury" to any fellow "employee" of the "insured" arising
> out of and in the course of the fellow "employee's" employment or
> while performing duties related to the conduct of your business.

*Id.* at 38.[3]

The Policy defines an employee as "any individual, other than an employer, who is

employed by an employer and who in the course of his or her employment directly affects

commercial motor vehicle safety."  *Id.* at 44.  "Such term includes a driver of a commercial

motor vehicle (including an independent contractor while in the course of operating a

commercial motor vehicle)."  *Id.*

---

[3] The exact phrasing of the Fellow Employee Exclusion precludes coverage for "'[b]odily injury' to any fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment or while performing duties related to the conduct of your business."  Policy 38.  "Throughout [the] policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations."  *Id.* at 35.  Moore Freight is the named insured in the Policy's Declarations.  *See id.* at 1.

### a.    The Employee Exclusion does not preclude coverage

Canal cites several cases for the proposition that "[o]perators of commercial motor vehicles involved in interstate commerce are considered statutory employees pursuant to 49 C.F.R. § 390.5." *See* Canal Mot. 17-20.  Therefore, according to Canal, "drivers such as Franceware and Munoz are to be considered employees of the motor carriers they are driving for at the time of their injuries." *Id.* at 20.  Lopez responds that the Employee Exclusion does not eliminate coverage because the "Munoz Claimants' pleadings do not definitively establish [Munoz] as [Moore Freight's] 'employee' at the time of his death."  Lopez Resp. 7.

Before discussing whether the Employee Exclusion precludes Canal's duty to defend Franceware, the Court first notes that the Policy contains a severability clause, providing that "the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or 'suit' is brought." *See* Policy 44.  This severability clause is particularly pertinent to deciding whether the Employee Exclusion applies here, as when "a policy has a 'severability of interests' clause, each insured against whom a claim is brought is treated as if it was the only insured under the policy." *See Admiral Ins. Co. v. Trident NGL, Inc.*, 988 S.W.2d 451, 455-56 (Tex. App. 1999).  Accordingly, "given the 'severability of interests' . . . clause in the [P]olicy, [the Court] must treat the 'insured' as the party against whom the claim is asserted" – in this case, Franceware. *See Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 473 (5th Cir. 2009).

Turning to the terms of the Policy, the Employee Exclusion precludes coverage for "bodily injury" to "[a]n 'employee' *of the 'insured.'* " *See* Policy 37 (emphasis added).  As stated above, because of the severability clause, the insured is the party against whom the claims have

18

been brought, that is, Franceware.  *See Admiral Ins. Co.*, 988 S.W.2d at 455-56; *Ooida Risk*, 579 F.3d at 473.  Therefore, for the Employee Exclusion to preclude coverage for Franceware as the insured, Canal bears the burden of showing by a preponderance of the evidence that the underlying petitions show that Munoz, as the party seeking recovery, was the "employee" *of Franceware.  See Admiral Ins. Co.*, 988 S.W.2d at 455-56; *Ooida Risk*, 579 F.3d at 473; Policy 37, 44; *see also Admiral Ins. Co. v. Petron Energy, Inc.*, 1 F. Supp. 3d 501, 507 (N.D. Tex. 2014); *Nautilus Ins. Co. v. Steinberg*, 316 S.W.3d 752, 755 (Tex. App. 2010) ("The insurer bears the burden of pleading and proving by a preponderance of the evidence that a policy exclusion applies to bar coverage.").  Thus, the parties' arguments regarding whether the eight-corners indicate that Munoz was Moore Freight's employee are misplaced in relation to the Employee Exclusion.  *See* Canal Mot. 17-20; Lopez Resp. 7.

Here, there are no allegations in either the Third Amended Petition or the Live Petition that indicate in any way that Munoz was Franceware's employee.  Indeed, in the Third Amended Petition the Munoz Claimants specifically alleged that Munoz "was employed by Moore Freight Service Inc./A-Z Trailers, Inc./XMex/Strader/Calvin/Gomez."  *See* Third Am. Pet. 4.  In short, the Munoz Claimants alleged that Munoz was employed by every named defendant *except* Franceware.  In the Live Petition, the Munoz Claimants changed their allegations surrounding Munoz's employment status, specifically stating that "[a]t all times, including August 16 & August 17, 2010, [Munoz] was not employed by any [d]efendant."  *See* Live Pet. 4.  No allegations in either the Third Amended Petition or the Live Petition indicate that Franceware otherwise exercised any degree of control over Munoz to establish an employment relationship.

19

Canal argues, however, that "because Munoz and Franceware were operating the vehicle in question in interstate commerce, federal regulations define both Munoz and Franceware as statutory employees." Canal Mot. 8. As Canal correctly indicates, courts have held that "[t]he Motor Carrier Safety Act and its attendant regulations govern the meaning of terms under insurance policies designed to comply with federal requirements for motor carriers." *See Ooida Risk*, 579 F.3d at 473; *see also Consumers Cnty. Mut. Ins. Co. v. P.W. & Sons Trucking, Inc.*, 307 F.3d 362, 366 (5th Cir. 2002); *Canal Ins. Co. v. Flores*, Civil Action No. 3:06-CV-84-KC, 2009 WL 1033770, at *7 (W.D. Tex. Apr. 14, 2009); *Texcom Transp.*, 2010 WL 2301007, at *4-5. Specifically, courts have analyzed the definition of "employee" in motor carrier insurance contracts in light of 49 C.F.R. § 390.5, enacted pursuant to the Motor Carrier Safety Act, which defines "employee" as:

> [A]ny individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle).

49 C.F.R. § 390.5; *see also Ooida Risk*, 579 F.3d at 474; *Consumers Cnty.*, 307 F.3d at 365.

Because § 390.5's definition of "employee" has "eliminat[ed] the common law employee/independent contractor distinction," courts have found that a policy's employee exclusion can preclude coverage "whether [that 'employee'] would have been considered an employee or an independent contractor at common law." *See, e.g.*, *Consumers Cnty.*, 307 F.3d at 367. Further, courts have found under § 390.5's definition of employee that an individual operating a commercial vehicle can qualify as an "employee" of the insured. *See* 49 C.F.R. § 390.5 (including the "driver of a commercial motor vehicle" in the definition of "employee");

20

*Ooida Risk*, 579 F.3d at 475-76 (analyzing whether decedent was "tandem driving" with injured claimant to determine if decedent qualified as an employee of the insured).

In light of the above, the Court notes that the Policy's definition of "employee" is nearly identical to the statutory definition found in 49 C.F.R. § 390.5, *see* Policy 44, thus strongly indicating that the parties intended the Policy to conform to federal insurance regulations. *See Consumers Cnty.*, 307 F.3d at 366. Nonetheless, the Court need not decide whether § 390.5's statutory definition of employee applies to the Policy because the Court finds that, even assuming that the statutory definition does apply, Canal has not met its burden of establishing that the Employee Exclusion applies in the instant case.

First, Canal has failed to show how its claim that "drivers such as Franceware and Munoz are to be considered employees of the motor carriers they are driving for" establishes that the Employee Exclusion would preclude coverage in this Case. *See* Canal Mot. 20. Canal does not point to any allegations in either the Third Amended Petition or the Live Petition that would establish that Munoz was operating the truck. Indeed, the Live Petition expressly alleges that Munoz was merely a passenger in the truck who "was being driven" to Tennessee for a job interview. *See* Live Pet. 4. Further, even if Canal could somehow show that Munoz was in the truck in order to operate it, Canal still fails to show how that fact would establish that Munoz was Franceware's employee. As the Court noted above, due to the Policy's severability clause, Canal's focus on Munoz's employment by Moore Freight is misplaced under the language of the Employee Exclusion. *See Ooida Risk*, 579 F.3d at 473; *Admiral Ins. Co.*, 988 S.W.2d at 455-56. The proper question is whether there are factual allegations showing that Munoz was employed by Franceware. Accordingly, the Court finds that Canal has failed to meet its burden of

establishing how the Employee Exclusion would preclude coverage for the Munoz Claimants' causes of action against Franceware.  *See Northfield Ins. Co.*, 363 F.3d at 528.

Further, none of the cases Canal cites establish that Munoz would otherwise qualify as Franceware's statutory employee.  Indeed, each case is factually distinguishable because in each case the underlying petition either directly alleged an independent contractor relationship between the injured party and the insured, *see Texcom Transp.*, 2010 WL 2301007, at *1, or alleged facts indicating that the insured exercised a sufficient degree of control over the injury causing events to permit the court to find that the injured party was at least an independent contractor, and therefore statutory employee, of the insured.

For instance, in *Canal Insurance Co. v. Flores*, Civil Action No. 3:06-CV-84-KC, 2009 WL 1033770 (W.D. Tex. Apr. 14, 2009), the original state court petition alleged that the decedent "was an employee" of the insured and that the decedent "was within the course and scope of his employment at the time of the" accident."  *Id.* at *2.  An amended complaint later stated that the decedent was an employee of the truck's owner, but was hauling the load for the insured who "had a right of control and/or exercised actual control over the injury causing activity."  *Id*.  Based on those alleged facts, this Court found that "[those] allegations demonstrate[d] that, at the very least, decedent . . . was an independent contractor of [the insured]."  *Id.* at *7.  Here, no allegation in either the Third Amended Petition or the Live Petition asserts or indicates that Franceware employed or exercised control over Munoz.

Both *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469 (5th Cir. 2009) and *Consumers County Mutual Insurance Co. v. P.W. & Sons Trucking, Inc.*, 307 F.3d 362 (5th Cir. 2002) are similarly distinguishable.  In *Ooida Risk*, the court found allegations sufficient to

establish an independent contractor relationship where the underlying complaint alleged that the insured occasionally asked the claimant to help on long-haul jobs and paid the claimant for this help. *See* 579 F.3d at 474. Likewise, in *Consumers County* the court found an independent contractor relationship had been sufficiently alleged where the record indicated that the injured party "worked for the [insured] on a load-by-load basis," "hauled loads for [the insured] with some frequency," and that the insured "paid [the injured party] on a percentage-of-the-load basis." *See* 307 F.3d at 363-64. Based upon the finding of the independent contractor relationship, the courts in *Ooida Risk* and *Consumers Country* found that the employee exclusion applied, and, therefore, precluded coverage. *See Ooida Risk*, 579 F.3d at 474-76; *Consumers Cnty.*, 307 F.3d at 367. Here, there are absolutely no allegations in either the Third Amended Petition or the Live Petition that Munoz worked for Franceware in any capacity or that Franceware ever paid Munoz for his services.

Accordingly, the Court finds that Canal has failed to meet its burden of establishing that the Policy's Employee Exclusion precluded coverage. *See Northfield Ins. Co.*, 363 F.3d at 528; *Steinberg*, 316 S.W.3d at 755.

### b.      The Fellow Employee Exclusion does not preclude coverage

Canal further argues that "[b]ecause Franceware and Munoz were statutory employees of Moore Freight, the . . . Fellow Employee [Exclusion] eliminates coverage available under the Moore Policy." *See* Canal Mot. 19. Specifically, Canal again relies on its argument that "in the context of insurance coverage disputes, drivers such as Franceware and Munoz are to be considered employees of the motor carriers they are driving for at the time of their injuries." *Id.* at 20. Lopez responds that because the "Munoz Claimants' pleadings make Munoz nothing

23

more than a passenger and not an 'employee' of Moore, it necessarily follows that the [Fellow Employee Exclusion] is no more effective than the [Employee Exclusion]."  Lopez Resp. 9.

The Fellow Employee Exclusion precludes coverage for "'[b]odily injury' to any fellow 'employee' of the 'insured.'"  *See* Policy 38.  As Canal correctly notes, and as the Court more fully discussed above, courts have held that the "driver of a commercial motor vehicle" can qualify as an "employee" under insurance contracts regardless of whether that driver was an independent contractor or a common law employee of the insured.  *See Ooida Risk*, 579 F.3d at 475-76.  Further, unlike the Employee Exclusion, the language in the Fellow Employee Exclusion requires a showing that Munoz was a "*fellow* 'employee' of the 'insured.'"  *See* Policy 38 (emphasis added).   Thus, the exclusion could preclude coverage, as Canal contends, if the underlying pleadings indicate that Munoz and Franceware were both employed by Moore Freight - the Policy's named insured.  *See id.* at 36.

Again, however, Canal has failed to carry its burden of establishing that the Fellow Employee Exclusion precludes coverage.  Canal argues that "drivers such as Franceware and Munoz are to be considered employees of the motor carriers they are driving for at the time of their injuries." *See* Canal Mot. 20.  As stated above, in the Third Amended Petition, the Munoz Claimants alleged that Franceware "may have been driv[ing]" the truck, which was "owned, maintained and serviced by" Moore Freight.  Third Am. Pet. 4.  Later, in the Live Petition, the Munoz Claimants stated directly that Franceware was driving a "tractor owned by [Moore Freight]."  *See* Live Pet. 3-4.  Thus, the allegations in the underlying pleadings strongly indicate that Franceware was driving the truck for Moore Freight at the time of the accident.  Nonetheless, Canal makes no attempt to establish what facts alleged in the underlying pleadings

24

show that Munoz was also driving the truck for Moore Freight at the time of the accident, such that Munoz could be a fellow employee.

In this regard, the Court again notes that the Live Petition clearly alleged that at the time of the accident, Munoz was merely a passenger in the truck on his way to a job interview with Moore Freight, thus strongly indicating that Munoz was not in the truck at the time of the accident to serve as a tandem driver with Franceware. *See id.*; *Ooida Risk*, 579 F.3d at 475. With regard to the Third Amended Petition, the Munoz Claimants alleged that Moore Freight owned the truck, that Munoz was in the truck, and that Munoz "was employed by Moore Freight Service Inc./A-Z Trailers, Inc./XMex/Strader/Calvin/Gomez." *See* Third Am. Pet. 4. These allegations could indicate that Munoz was in his employer's truck in the course and scope of his employment, and, therefore, could indicate that Munoz was driving at the time of the accident. However, by stating Munoz's employers in the alternative, the Munoz Claimants equally alleged that Munoz could have been in a Moore Freight truck in the course and scope of his employment with one of the other named defendants, and not Moore Freight. *See id.*; *Admiral*, 1 F. Supp. 3d at 507-08. If Munoz was in Moore Freight's truck in the course and scope of his employment with another defendant, nothing in the Third Amended Petition would otherwise indicate that Munoz was in that truck for the purpose of driving. Moreover, the allegation that Munoz was on his way to a job interview with Moore Freight indicates that he was not Moore Freight's employee. Canal has offered no argument otherwise. Accordingly, the Court finds that by pleading Munoz's employment in the alternative, the allegations in the Third Amended Petition leave open the possibility that Munoz was not operating the truck. Canal has failed to meet its burden of proving that the Fellow Employee Exclusion precludes coverage because Canal has

not shown by a preponderance of the evidence that Munoz was in the truck for the purpose of operating the vehicle.  *See Admiral*, 1 F. Supp. 3d at 507; *Steinberg*, 316 S.W.3d at 755.

Canal's attempt to support its argument by citation to "[a] number of cases that . . . have concluded [that] Fellow Employee exclusion[s] operate to eliminate coverage for drivers in the same circumstances as Munoz and Franceware" is unpersuasive.  *See* Canal Reply 8.  For the same reasons stated by the Court in relation to the Employee Exclusion above, the cases Canal relies on are factually distinguishable as there are no allegations in either the Third Amended Petition nor the Live Petition stating the existence of an independent contractor relationship between Munoz, Franceware, and Moore Freight, nor are there allegations of a sufficient degree of control by Moore Freight over Munoz's conduct for the Court to conclude that an independent contractor or statutory employee relationship otherwise existed.  *See Ooida Risk*, 579 F.3d at 474; *Consumers Cnty.*, 307 F.3d at 364; *Flores*, 2009 WL 1033770, at *2; *Texcom Transp.*, 2010 WL 2301007, at *1.

Accordingly, the Court finds that neither the Third Amended Petition nor the Live Petition clearly established that both Franceware and Munoz were fellow employees, statutory or otherwise, of Moore Freight.  Canal has therefore failed to meet it burden of showing that the plain language of the Policy's Fellow Employee Exclusion allows Canal to avoid coverage within the confines of the eight-corners rule.

## III.    CONCLUSION

The Court finds that, based on the Texas eight-corners rule, the Third Amended Petition and the Policy read together triggered Canal's duty to defend Franceware.  The Court further finds that the Live Petition did not later terminate that duty, and that the Policy's exclusions do

not apply.  Accordingly, for the foregoing reasons, the Lopez Motion, ECF No. 11, is

**GRANTED**, and the Canal Motion, ECF No. 10, is **DENIED**.

      **SIGNED** this 7th day of July, 2015.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE