IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JESSICA LOPEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   EP-14-CV-372-KC |
| | § |
| CANAL INSURANCE COMPANY, | § |
| | § |
| Defendant. | § |

**ORDER**

On this day, the Court considered Defendant Canal Insurance Company's ("Canal") Motion for Summary Judgment on the Duty to Indemnify ("Motion"), ECF No. 29. For the following reasons, the Motion is **DENIED**.

**I.   BACKGROUND**

Unless otherwise noted, the following facts are undisputed.

Canal issued auto insurance policy number PIA05359601 to Moore Freight Services, Inc. ("Moore Freight"). *See* Ins. Policy Number PIA05359601 (the "Policy"), Pl.'s Mot. for Summ. J. Regarding Canal Ins. Co.'s Duty to Defend Ex. A, ECF No. 11-1.[1] The Policy was in effect from January 1, 2010, to January 1, 2011. *See id.* at 1.[2] On August 17, 2010, a 2007

---

[1] Though Canal has attached a copy of the Policy to its Motion, the Court notes that the attached copy is divided among three separate electronic attachments. *See* Ins. Policy Number PIA05359601, Canal Mot. App. Part 1 1-70, ECF No. 29-1; Ins. Policy Number PIA05359601, Canal Mot. App. Part 2 1-70, ECF No. 29-2; Ins. Policy Number PIA05359601, Canal Mot. App. Part 3 1-28, ECF No. 29-3. Accordingly, for ease of reference the Court cites to the undivided copy of the Policy provided with Plaintiff's prior filed motion regarding the duty to defend. *See* Pl.'s Mot. for Summ. J. Regarding Canal Ins. Co.'s Duty to Defend Ex. A, ECF No. 11-1.

[2] Unless otherwise noted, the Court's citations to documents filed in the Case refer to the page numbers superimposed upon them by the Court's electronic docketing system.

1

International tractor with VIN number 2HSCNSCR57C432781 (the "Truck") was involved in a single-vehicle accident resulting in the deaths of both Roger Franceware ("Franceware") and Lorenzo Munoz ("Munoz").  *See* Proposed Undisputed Facts ¶ 2 ("Proposed Facts"), Canal Mot. Attach. 5, ECF No. 29-5; Jessica Lopez's Resp. to Canal Ins. Co.'s Proposed Undisputed Facts ¶ 2 ("Response to Proposed Facts"), Jessica Lopez's Resp. to Canal Ins. Co.'s Mot. for Summ. J. on the Duty to Indemnify Attach. 2, ECF No. 34-2.

Following the accident, on October 25, 2010, Lorena Munoz, individually and on behalf of the Estate of Lorenzo Munoz and as next friend of L.M. and C.M., minor children, and Virginia Munoz (collectively the "Munoz Claimants") filed Cause No. 2010-4169 in the 168th District Court of El Paso County, Texas (the "Underlying Suit"), seeking damages arising from Munoz's death.  *See* Munoz Claimants' Original Pet., Mot. for Summ. J. of Canal Ins. Co. on the Duty to Defend Ex. C at 88-94, ECF No. 10-2.  The Munoz Claimants listed the Estate of Roger Franceware as a defendant in their October 25, 2010, petition.  *See id*. at 1.  Jessica Lopez ("Lopez") subsequently intervened in the Underlying Suit as administratrix of the Estate of Roger Franceware.

The Underlying Suit subsequently resulted in a Texas state court verdict.  *See* Charge of the Ct. ("Jury Verdict"), Canal Mot. App. Part 3 at 53-60, ECF No. 29-3; Charge of the Ct. ("Jury Verdict"), Canal Mot. App. Part 4 at 1-24, ECF No. 29-4;[3] Corrective J. Signed June 3, 2014 ("Underlying Judgment"), Canal Mot. App. Part 3 at 29-52, ECF No. 29-3.  By their verdict, the jury found that "[i]n connection with the events giving rise to this suit" Franceware was "acting as an employee in the scope of his employment for [Moore Freight]."  *See* Jury

---

[3] Because the version of the Jury Verdict filed in the Court's docketing system is divided between two separate electronic documents, *see* Charge of the Ct. ("Jury Verdict"), Canal Mot. App. Part 3 at 53-60, ECF No. 29-3; Charge of the Ct. ("Jury Verdict"), Canal Mot. App. Part 4 at 1-24, ECF No. 29-4, the Court's references to the Jury Verdict will cite to the "Canal Lopez Appendix" numbers on the bottom right corner of each page of the documents.

Verdict 203.  On June 9, 2014, the state court entered its judgment, ordering that the Estate of Roger Franceware and its related claimants, including Lopez, recover damages against Moore Freight and the Estate of Lorenzo Munoz.  *See* Underlying J. 45-46, 51.

On October 9, 2014, Lopez initiated the instant Case, asserting numerous causes of action against Canal, including: (1) breach of contract, (2) breach of the common law duty of good faith and fair dealing, (3) violations of Chapters 541 and 542 of the Texas Insurance Code, (4) violations of the Texas Deceptive Trade Practices Act ("DTPA"), and (5) gross negligence.  *See* Pl.'s Original Compl. 3-6, ECF No. 1.  In response, Canal filed a counterclaim seeking a declaration that "coverage does not exist under the [Policy] for the claims for defense [or] for indemnity now made by Lopez."  *See* Original Answer and Countercl. of Canal Ins. Co. 7 ("Original Answer"), ECF No. 4.

Canal filed its Motion on August 3, 2015, praying for the Court to declare that "no duty to indemnify Moore Freight exists for the judgment rendered for [Lopez]."  Mot. 4.  Moreover, Canal seeks a declaration that "Canal owes nothing under the MCS-90 endorsement for Lopez's claims."  *Id.* at 4-5.  Lopez filed her response to the Motion on August 17, 2015.  *See* Jessica Lopez's Resp. to Canal Ins. Co.'s Mot. for Summ. J. on the Duty to Indemnify ("Response"), ECF No. 34.  Canal filed its reply to the Response on August 24, 2015.  *See* Reply of Canal Ins. Co. to the Resp. of Jessica Lopez to Canal's Mot. for Summ. J. on the Duty to Indemnify ("Reply"), ECF No. 35.

## II.   DISCUSSION

### A.   Standard

A court must enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). To show the existence of a genuine dispute, the nonmoving party must support its position with citations to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[,]" or show "that the materials cited [by the movant] do not establish the absence . . . of a genuine dispute, or that [the moving party] cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

The court resolves factual controversies in favor of the nonmoving party; however, factual controversies require more than "conclusory allegations," "unsubstantiated assertions," or "a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Further, when reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh evidence. *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478-79 (5th Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**B.     Analysis**

**1.     The Court stays determination of Canal's liability under the Policy's indemnification clause pending resolution of the state court appeal**

Canal argues that it has no duty to indemnify Moore Freight for the damages awarded to Lopez in the Underlying Judgment "[b]ecause Franceware was either an employee[] or statutory employee of Moore Freight." Mot. 4. Lopez responds that "Canal's duty to indemnify is not even ripe for adjudication because the [Underlying Judgment] is still on appeal." Resp. 2.

"The insurer's duty to indemnify depends on the facts proven and whether the damages caused by the actions or omissions proven are covered by the terms of the policy." *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co., Ltd.*, 300 S.W.3d 740, 744 (Tex. 2009). The duty to indemnify is, therefore, "controlled by the facts proven in the underlying suit." *See Gilbane Bldg. Co. v.*

*Admiral Ins. Co.*, 664 F.3d 589, 601 (5th Cir. 2011) (citing *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 656 (Tex. 2009)).[4]

Under the Policy's indemnification clause, Canal has a duty to "pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which [the Policy] applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" Policy 36. The parties do not appear to dispute that the Truck was a "covered auto," that Moore Freight was an "insured," or that the damages awarded to the Estate of Roger Franceware and Lopez were for "bodily injury" caused by an "accident" involving the use of the Truck. *See* Mot.; Resp. Accordingly, the parties do not dispute that, if coverage is not otherwise excluded under the Policy, Canal would have a duty to indemnify any damages Moore Freight must pay as a result of Franceware's injuries in the underlying accident. Nonetheless, the parties dispute whether the Policy's Employee Exclusion precludes coverage under the Policy. *See* Mot. 5-16; Resp. 3-8.

The Policy's Employee Exclusion precludes coverage for "'[b]odily injury' to . . . [a]n 'employee' of the 'insured' arising out of and in the course of . . . [e]mployment by the '[insured]' [or while] [p]erforming the duties related to the conduct of the 'insured's' business." Policy 37. Canal argues that "[b]ecause the jury found that Roger Franceware was an employee of Moore Freight, the Employee Exclusion in the [Policy] precludes coverage for [Franceware]

---

[4] The Court notes that where the underlying case does not resolve all the factual issues necessary to determine coverage, a district court may also consider other evidence "regarding facts necessary to determine coverage that were not adjudicated in the underlying case." *See Nat'l Union Fire Ins. Co. of Pitts., Pa. v. Puget Plastics Corp.*, 532 F.3d 398, 404 (5th Cir. 2008). Nonetheless, both the Underlying Judgment and the Jury Verdict addressed Franceware's employment status, which is highly relevant to the applicability of both the indemnification clause and the MCS-90 endorsement. *See* Underlying J. 31; Jury Verdict 203. Accordingly, because Canal's duty to indemnify under both the indemnification clause and the MCS-90 endorsement are determined by the facts proven in the Underlying Suit, *see Gilbane Bldg. Co.*, 664 F.3d at 601; *Ooida Risk*, 579 F.3d at 477, and because those issues are currently on appeal, the Court declines to consider outside evidence and stays consideration of Canal's liability under the duty to indemnify until resolution of the state court appeals.

and anyone claiming by, through or under [Franceware]." Mot. 5.  As stated above, the parties do not dispute that Moore Freight is a covered "insured" under the Policy.  The Employee Exclusion would, therefore, preclude Canal's duty to indemnify Moore Freight if Franceware was acting in the course and scope of his employment with Moore Freight at the time of the accident.  *See* Policy 37.

Canal's obligations under the Policy's indemnification clause are controlled by the facts proven in the Underlying Suit.  *See Gilbane Bldg. Co.*, 664 F.3d at 601.  Though the state court jury found that "[i]n connection with the events giving rise to [the Underlying Suit] . . . Franceware [was] acting as an employee in the scope of his employment for [Moore Freight]," Jury Verdict 203, at least one party has appealed the Underlying Judgment on the ground that "[t]here is no evidence to support the jury's finding that [Franceware] was in the course and scope of his employment with [Moore Freight] at the time of the accident."  *See* Docketing Statement 16, Resp. Ex. A, ECF No. 34-1.  As a result, though the jury found that Franceware was Moore Freight's employee, it is entirely possible that the jury's finding on that issue may be overturned on appeal.  The Court therefore finds that the facts established in the Underlying Suit are not sufficiently determined at this time to rule on Canal's duty to indemnify.

Nor does Canal's reliance on the definition of "employee," as defined for the purposes of the Federal Motor Carrier Act, necessitate a finding that Franceware was Moore Freight's "statutory employee" at the time of the accident.  *See* Mot. 13-16.  "The Motor Carrier Safety Act and its attendant regulations govern the meaning of terms under insurance policies designed to comply with federal requirements for motor carriers."  *See Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 473 (5th Cir. 2009); *see also Consumers Cnty. Mut. Ins. Co. v. P.W. &*

*Sons Trucking, Inc.*, 307 F.3d 362, 366 (5th Cir. 2002).  As the Court has previously stated, the terms of the Policy strongly indicate that the parties intended the Policy to conform to federal insurance regulations.  *See* July 7, 2015, Order 21, ECF No. 22.  Accordingly, the Policy must be analyzed in light of 49 C.F.R. § 390.5's definition of "employee,"[5] which has "eliminat[ed] the common law employee/independent contractor distinction."  *See, e.g.*, *Consumers Cnty.*, 307 F.3d at 366.  Under § 390.5's definition, courts have held, as Canal correctly asserts, that a passenger in a covered vehicle need not be driving at the time of an accident in order to qualify as an "employee" of the insured.  *See Ooida Risk*, 579 F.3d at 475-76; *Consumers Cnty.*, 307 F.3d 362 at 367 n.8; *see also United Fin. Cas. Co. v. Abe Hershberger & Sons Trucking Ltd.*, No. 11AP-629, 2012 WL 457715, at *5-7 (Ohio Ct. App. 2012).

      Nonetheless, Canal has cited to no case holding that *any* passenger in a covered motor vehicle, simply by virtue of their physical presence in the vehicle, qualifies as an employee under § 390.5.  Indeed, in *United Financial Casualty Company v. Abe Hershberger & Sons Trucking Ltd.*, No. 11AP-629, 2012 WL 457715 (Ohio Ct. App. 2012), on which Canal relies, though the passenger in the vehicle alleged he was not driving at the time of the accident, the Court noted the he was in the vehicle in order to train the driver of the truck and was "paid a daily rate while he was riding" in the vehicle.  *Id.* at *7.  As a result, the Ohio Court of Appeals held that "[e]ven if [the passenger] were an independent contractor under Ohio common law . . . for purposes of [§] 390.5, he was employed by [the insured]."  *Id.*

---

[5] 49 C.F.R. § 390.5 defines "employee," in pertinent part, as:

> [A]ny individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety.  Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle).

*See* 49 C.F.R. § 390.5.

8

Likewise, in *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469 (5th Cir. 2009), the Fifth Circuit held that a passenger in a commercial motor vehicle was an "employee" for the purposes of an insurance policy's exclusions where the evidence indicated that the passenger was "tandem driving" with the vehicle's driver at the time of the accident. *Id.* at 475-76.  Thus, though the Fifth Circuit found that a passenger in a vehicle can be an employee of the insured, it did so only where the evidence indicated that the passenger was in the vehicle for the purpose of operating that vehicle, even if not doing so at the time of the accident. *Id.*; *see also Consumers Cnty.*, 307 F.3d 362 at 367 n.8 (same).

Here, Lopez argues that her "position has consistently been that Franceware was a mere passenger at the time of the wreck and not 'in the course and scope of employment' for Moore Freight." Resp. 7.  Though Lopez does not expand further on this position, it is possible that, on appeal, the state court may reverse or vacate the trial court's finding regarding Franceware's employment status.  If the state court were to do so, nothing in § 390.5, or relevant case law, would mandate that Franceware was a Moore Freight employee by his mere physical presence in the Truck.  *See* 49 C.F.R. § 390.5; *Ooida Risk*, 579 F.3d at 475-76; *Consumers Cnty.*, 307 F.3d 362 at 367 n.8; *Abe Hershberger*, 2012 WL 457715, at *5-7.

Accordingly, the Court finds that Franceware's employment status is not sufficiently definite at this time for the Court to rule on Canal's liability under the Policy's indemnification clause.  The Court accordingly denies the Motion in so far as it seeks a determination of Canal's liability under the Policy's indemnification clause, without prejudice to re-file after resolution of the state court appeals, if a live controversy still remains at that time.

## 2. The Court stays determination of Canal's liability under the MCS-90 endorsement pending resolution of the state court appeal

Canal further argues that "because Franceware was found to be an employee, and because he is also a statutory employee, Canal does not owe under the MCS-90 for those persons claiming by or through or under Franceware in the Underlying [Suit]." Mot. 18. Lopez responds that the state court "appeal means the findings regarding Franceware's employment state are not yet final for purposes of the duty to indemnify under Texas law." Resp. 3.

"[An] MCS-90 endorsement must be attached to any liability policy issued to for-hire motor carriers operating motor vehicles transporting property in interstate commerce." *See Canal Ins. Co. v. Coleman*, 625 F.3d 244, 247 (5th Cir. 2010) (citing 49 C.F.R. §§ 387.3, 387.7). "The purpose of [an] MCS-90 endorsement is to 'assure compliance' with federal minimum levels of financial responsibility for motor carriers." *Id.* "Basically, the MCS-90 makes the insurer liable to third parties for any liability resulting from the negligent use of any motor vehicle by the insured, even if the vehicle is not covered under the insurance policy." *T.H.E. Ins. Co. v. Larsen Intermodal Servs., Inc.*, 242 F.3d 667, 671 (5th Cir. 2001). An insurer's obligations under an MCS-90 endorsement "impose different obligations based on different requirements" from those under a policy's indemnification clause. *See Carolina Cas. Ins. Co. v. Yeates*, 584 F.3d 868, 882 (10th Cir. 2009). Nonetheless, the Fifth Circuit has stated that an analysis of an insurer's duty under an MCS-90 endorsement, like its duty to indemnify under an indemnification clause, is "determined by all the facts and circumstances that result in the insured's potential liability." *See Ooida Risk*, 579 F.3d at 477 (citing *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997)). Accordingly, the Court, as it did in analyzing Canal's duty to indemnify under the Policy's indemnification clause, looks first to the

"facts proven in the underlying suit" to determine Canal's obligations under the MCS-90 endorsement. *See Gilbane Bldg. Co.*, 664 F.3d at 601.

Here, coverage under the Policy's MCS-90 endorsement "does not apply to injury to or death of [Moore Freight's] employees while engaged in the course of their employment." *See* Policy 61. The federal definition of "employee" found in § 390.5 "clearly applie[s]" to a determination of coverage under the MCS-90 endorsement. *See Consumers Cnty.*, 307 F.3d at 367 n.7. As stated above, Canal argues that the jury's determination that Franceware was a Moore Freight employee at the time of the accident establishes that Canal has no duty to pay under the MCS-90 endorsement. *See* Mot. 18. However, as with Canal's duty to indemnify under the Policy's indemnification clause, Canal's duty under the MCS-90 endorsement is controlled by the "facts proven in the underlying suit." *See Gilbane Bldg. Co.*, 664 F.3d at 601. Therefore, because, as noted above, the jury's findings regarding Franceware's employment status are currently on appeal in state court, *see* Docketing Statement 16, the Court again finds that Franceware's employment status is not sufficiently determined at this time for the Court to rule on Canal's liability under the MCS-90 endorsement. The Court accordingly denies the Motion in so far as it seeks a determination of Canal's liability under the MCS-90 endorsement, without prejudice to re-file after resolution of the state court appeals, if there remains a live controversy at that time.

### III. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that the Motion, ECF No. 29, is **DENIED,** without prejudice to re-file upon resolution of the state court appeal.

**IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE** the Case pending resolution of the state court appeal. Any party may file a petition with the Court to re-open the Case upon final resolution of all state court appeals, or upon settlement.

**SO ORDERED**.

SIGNED this 27th day of August, 2015.

*[signature: Kathleen Cardone]*
_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE